No. 65,739

STATE OF KANSAS, DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, PARSONS STATE HOSPITAL AND TRAINING CENTER, *Appellant*, v. PUBLIC EMPLOYEE RELATIONS BOARD OF THE KANSAS DEPARTMENT OF HUMAN RESOURCES, *Appellee*.

(815 P.2d 66)

Opinion
filed July 12, 1991.

*Linda J. Fund,* of State Department of Administration, argued the cause and was on the briefs for appellant.

*Don Doesken,* of State Department of Human Resources, argued the cause and was on the brief for appellee.

*David W. Hauber,* of Boddington & Brown, Chtd., of Kansas City, was on the brief for *amicus curiae* Kansas University Nurses Association.

The opinion of the court was delivered by

LOCKETT, J.: Kansas Department of Social and Rehabilitation Services (SRS) appeals the district court's affirmance of the Kansas Public Employee Relations Board (PERB) order that SRS supply the National Association of Government Employees (Union) with employees' home addresses. SRS claims the trial court erred: (1) in applying an improper scope of review to the PERB order; (2) in finding that SRS could not refuse to comply with the PERB order under the provisions of the Kansas Open Records Act (KORA), K.S.A. 45-215 *et seq.*, and Department of Administration regulation K.A.R. 1-13-1a; and (3) in subjecting SRS to the penalities of K.S.A. 21-3914, which prohibits use of information derived from public records for commercial use.

The facts are uncontroverted. Parsons State Hospital and Training Center (Hospital) is a public agency. The Union is the local employee organization certified as the exclusive representative for all employees holding permanent, probationary, conditional, part-time, and intermittent appointments with the Hospital.

The Union requested the names and addresses of all persons in the bargaining unit in order to communicate with them on matters of representation. The Hospital provided the names but refused to provide the home addresses. The Union filed a complaint with PERB, alleging SRS and the Hospital committed a prohibited practice by denying the rights accompanying certification or formal recognition.

After a hearing examiner ordered SRS and the Hospital to release the employees' addresses to the Union, SRS and the Hospital appealed the order to PERB. At the Board hearing, the Union claimed that SRS's refusal to provide the addresses of the employees in the bargaining unit was a denial of the rights to

which it was entitled. SRS argued (1) the Public Employer-Employee Relations Act (PEERA), K.S.A. 75-4321 *et seq.*, does not require it to provide the recognized employee organization with home addresses, and (2) KORA and K.A.R. 1-13-1a prohibit it from releasing the employees' home addresses.

The Board held that although KORA provides the employer with discretion to disclose the information, the employees have no reasonable expectation that their home addresses would not be disclosed to their bargaining unit. The Board adopted the recommendation of the hearing examiner and ordered the Hospital to provide the names and home addresses of each person in the bargaining unit to the Union within 30 days. In accordance with K.S.A. 45-220(c), PERB's order conditioned release of home addresses on the Union's certification that the Union would not use the list or make the list available to another who might use the information to sell property or services for commercial gain. SRS appealed to the district court of Shawnee County.

The district court found that, under the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*, the burden of proving the invalidity of PERB's action is upon the party asserting invalidity and the court is limited in granting relief. K.S.A. 77-621. The district court noted that " '[i]n reviewing questions of law, the trial court may substitute its judgment for that of the agency, although ordinarily the court will give great deference to the agency's interpretation of the law.' *Wallis v. Secretary of Kans. Dept. of Human Resources*, 236 Kan. 97, 101, [689 P.2d 787] (1984)." The district court ordered the Hospital to provide the Union with the names and home addresses of all persons in the bargaining unit when the Union certified that it would not improperly use the employees' addresses. SRS again appealed.

SRS argues PERB has neither statutory authority to supplement or interpret KORA nor the expertise to interpret Department of Administration regulations. It argues interpretations of only those regulations which are within an agency's area of expertise are entitled to deference by the court; therefore, PERB's interpretations of KORA and K.A.R. 1-13-1a are beyond PERB's expertise and the district court erred by giving deference to PERB's inter-

pretations. SRS contends the trial court applied an incorrect scope of review. We agree.

The interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is entitled to judicial deference. This deference is sometimes called the doctrine of operative construction. Further, if there is a rational basis for the agency's interpretation, it should be upheld on judicial review. If, however, the reviewing court finds that the administrative body's interpretation is erroneous as a matter of law, the court should take corrective steps. The determination of an administrative body as to questions of law is not conclusive and, while persuasive, is not binding on the courts. See *Kansas Bd. of Regents v. Pittsburg State University Chap. of K-NEA*, 233 Kan. 801, 809-10, 667 P.2d 306 (1983).

PERB is not statutorily charged with the responsibility of enforcing KORA; therefore, its interpretation of KORA is not entitled to judicial deference. The interpretation of KORA is a question of law and it is our function to interpret the Act to give it the intended effect. *U.S.D. No. 352 v. NEA-Goodland*, 246 Kan. 137, 140, 785 P.2d 993 (1990). The administrative interpretation of KORA is given consideration and effect, but the final construction of the Act rests with the courts. See *National Gypsum Co. v. Kansas Employment Security Bd. of Review*, 244 Kan. 678, 682, 772 P.2d 786 (1989).

Normally, the scope of judicial review of an administrative board's findings of fact and conclusions of law is governed by the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions. K.S.A. 77-601 *et seq*. The Act for Judicial Review and Civil Enforcement of Agency Actions, however, does not apply to agency actions governed by the provisions of KORA. K.S.A. 77-603(c)(6). KORA provides the district court of the county where the records are located with jurisdiction to enforce the Act. K.S.A. 1990 Supp. 45-222. Any action to enforce the Act in the court is determined de novo.

The trial court erred in giving deference to PERB's interpretation of KORA and in not determining the matter de novo, but this error does not require reversal.

SRS next contends the trial court erred in finding SRS could not refuse, under KORA and K.A.R. 1-13-1a, to provide the home addresses of the employees to the Union.

Pertinent language in K.A.R. 1-13-1a provides:

"(b) Except as otherwise provided in this regulation, information contained in each state employee's official personnel file shall not be open to public inspection.

"(c) Upon inquiry of any individual, the division of personnel services, or personnel in the state agency where an employee is employed, may disclose the following information concerning an employee:

"(1) Confirmation that an individual is employed by the state;

"(2) name of employing state agency;

"(3) current title and job position;

"(4) current or prior rates of pay;

"(5) length of employment with the state;

"(6) length of time the employee has served in the employee's current job position; and

"(7) letters of commendation."

SRS apparently argues that the regulation does not expressly authorize disclosure of home addresses; therefore, the regulation prohibits disclosure.

KORA is an affirmative act requiring disclosure of public records unless the request places an unreasonable burden on the agency or, if the request is repetitive in nature, is intended to disrupt the agency's function. K.S.A. 45-216 and K.S.A. 45-218(e).

KORA designates 35 categories of records that public agencies "shall not be required to disclose." K.S.A. 45-221(a). K.S.A. 45-221 does not prohibit disclosure but makes the decision to release the information discretionary with the custodian of the records.

SRS relies on two exceptions enumerated in KORA. K.S.A. 45-221 provides:

"(a) Except to the extent *disclosure is otherwise required by law,* a public agency shall not be required to disclose:

. . . .

"(4) Personnel records, performance ratings, or individually identifiable records pertaining to employees or applicants for employment except that *this exemption shall not apply* to the names, positions, salaries and length of service of officers and employees of public agencies once they are employed as such.

. . . .

"(30) Public records containing information of a personal nature where the public disclosure thereof would *constitute a clearly unwarranted invasion of personal privacy.*" (Emphasis added.)

Statutory words are presumed to have been and should be treated as consciously chosen and, with understanding of the ordinary and common meaning, intentionally used with the legislature having meant what it said. *Kansas Ass'n of Public Employees v. Public Employee Relations Bd.*, 13 Kan. App. 2d 657, 661-62, 778 P.2d 377 (1989). SRS argues that if there is any ambiguity in the plain language of K.S.A. 45-221(a)(4), the legislative history clearly establishes that the legislature intended unconditionally to exempt public employee personnel files from disclosure.

The original version of KORA exempted "[p]ersonnel records and performance ratings, except that this exemption shall not apply to the names, positions, salaries, and lengths of service of officers and employees of public agencies." 1983 H.B. No. 2327. SRS contends the legislature, in expanding the language of (a)(4) to include "or individually identifiable records pertaining to employees or applicants for employment," intended that any information pertaining to an applicant or an employee that is individually identifiable is exempted from disclosure. SRS contends that, because the plain language of K.S.A. 45-221(a)(4) expressly requires only the name, position, salary, and length of service of officers and employees of the public agency to be disclosed to the public, the employee's address is not to be disclosed.

PEERA recognizes the State has a basic obligation to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government. The purpose of the Act is to obligate public agencies, public employees, and their representatives to enter into discussions with affirmative willingness to resolve grievances and disputes relating to conditions of employment, acting within the framework of law. It is also the purpose of this Act to promote the improvement of employer-employee relations within the various public agencies of the State and its political subdivisions by providing a uniform basis for recognizing the right of public employees to join or to refrain from joining organizations of their own choice and be represented

by such organizations in their employment relations and dealings with public agencies.

PERB argues that its order carries out the purposes of PEERA authorized by K.S.A. 75-4321, which cannot be achieved without good communication between employees and the organizations elected to represent them. PERB states the purpose of collective bargaining is better served when the public employer discloses the employee's home address because: (1) it allows an employee organization to communicate with employees without disrupting the workplace; (2) communication is effected without interference from management to preserve the backstage nature of communication between the organization and the employees in the unit; (3) it improves communication with workers who do not have a regular worksite or whose locations are spread over a large geographical area; and (4) it allows communication with all of the employees in the bargaining unit, even those who are without a phone, who live in a different city, or who cannot be easily located. In addition, PEERA also requires that PERB have access to home addresses of the employees for verification of showing of interest in cards and petitions, investigation of prohibited practice complaints, and mailing of ballots for representation elections.

PERB asserts that SRS cannot use K.S.A. 45-221(a)(4) or (30) of KORA to circumvent the public policy of PEERA and PERB's order to disclose. PERB argues that its order to provide the addresses is one "otherwise required by law" under K.S.A. 45-221(a). PERB cites other jurisdictions that have interpreted the word "law" to include an administrative regulation issued pursuant to a statute. See *Goodman v. Superior Court in & for Maricopa*, 136 Ariz. 201, 203, 665 P.2d 83 (1983); *Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or. App. 561, 666 P.2d 276 (1983); *Valley St. Bank, et al. v. Farmers St. Bank*, 87 S.D. 614, 620, 213 N.W. 2d 459 (1965).

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practical, to reconcile different provisions so as

to make them consistent, harmonious, and sensible. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987).

The Kansas Open Meetings Act, K.S.A. 75-4317 *et seq.*, and KORA were passed by the legislature to insure public confidence in government by increasing the access of the public to government and its decision-making processes. This increases the accountability of governmental bodies and deters official misconduct. The public policy stated in KORA is that all records are "open for inspection by any person unless otherwise provided by this act." K.S.A. 45-216(a). The burden of proving that an item is exempt from disclosure is on the agency not disclosing. K.S.A. 45-218.

KORA does not allow an agency unregulated discretionary power to refuse to release information sought by the public. The stated policy of KORA is that all public records are to be open to the public for inspection unless otherwise provided in the Act. As used in KORA "public" means "of or belonging to the people at large." "Public inspection" refers to the right of the public to inspect governmental records when there is a laudable object to accomplish or a real and actual interest in obtaining the information. Neither PERB nor the Union are subject to the limitations of KORA when acting under the government sanctioned activities of PEERA. The trial court did not err in finding that SRS could not refuse, under KORA and Department of Administration regulation K.A.R. 1-13-1a, to comply with the PERB order to disclose the home addresses.

Finally, SRS claims the district court erred when it failed to determine whether the Union's access to public employees' addresses will subject SRS to possible criminal prosecution for violation of K.S.A. 21-3914, which provides:

"(a) No person shall knowingly sell, give or receive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records except:

. . . .

"(4) to the extent otherwise authorized by law.
"(b) Violation of this section is a class C misdemeanor."

The trial court ordered the Union to execute a certification that it would not use the names for commercial purposes. This

is consistent with K.S.A. 45-220(c) in that an agency may require a person or an entity requesting information under KORA to provide written certification that its reason for obtaining the names is not for commercial purposes.

SRS claims a certification is not adequate protection against the Union's possible misuse of home addresses to solicit the sales of ancillary services commonly provided by employee unions. We find no merit in this contention. Even if the Union uses the information for a commercial purpose, SRS would not be subject to the criminal penalty of K.S.A. 21-3914 because the disclosure was required by law.

Affirmed.