Kevin Cure Cherokee County Attorney Courthouse Columbus, Kansas 66725
Dear Mr. Cure:
As Cherokee county attorney you ask our opinion regarding whether a public official may deny access to public records under K.S.A. 21-3914(a) which prohibits obtaining, selling or providing a list of names or addresses to be used for solicitation purposes. Specifically, you inquire about a situation where the register of deeds believes that a business intends to use information from public land records to contact land owners about refinancing their current indebtedness as disclosed by the records. You inform us that the business in question has certified pursuant to K.S.A. 45-220(c) that they will not use the lists compiled from public records for solicitation purposes.
The Kansas open records act (KORA) declares it to be the policy of this state that public records of public agencies "shall be open for inspection by any person. . . ." K.S.A. 45-216(a). The KORA further provides that the act is to be liberally construed and applied to promote the public policy of openness. K.S.A. 45-216(a); Harris Enterprises,Inc. v. Moore, 241 Kan. 59, 63 (1987). Accordingly, a public record is open for inspection unless federal or state statute mandatorily closes the record or it falls within one of the exceptions set out in K.S.A. 45-221, as amended. Attorney General Opinion No. 86-39 and 87-73. Land records such as those involved here do not fall within one of the exempt categories, and must therefore be open for inspection.
However, limits have been placed on the use of information gained from public records. Prior to recently enacted amendments, K.S.A.21-3914 provided:
 "(a) No person shall knowingly sell, give or receive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records except:
 "(1) Lists of names and addresses from public records of the division of vehicles obtained under K.S.A. 74-2012, and amendments thereto;
 "(2) lists of names and addresses of persons licensed, registered or issued certificates or permits to practice a profession or vocation may be sold or given to, and received by, an organization of persons who practice that profession or vocation for membership, informational or other purposes related to the practice of the profession or vocation;
 "(3) lists of names and addresses of persons applying for examination for licenses, registrations, certificates or permits to practice a profession or vocation shall be sold or given to, and received by, organizations providing professional or vocational educational materials or courses to such persons for the sole purpose of providing such persons with information relating to the availability of such materials or courses;
 "(4) lists of names, addresses and other information from voter registration lists may be compiled, used, given, received, sold or purchased by any person, as defined in K.S.A. 21-3110 and amendments thereto, solely for political campaign or election purposes; and
"(5) to the extent otherwise authorized by law.
"(b) Violation of this section is a class C misdemeanor."
K.S.A. 45-220(c) provides the procedure for obtaining access to public records by submitting written certification, where access may be limited otherwise.
 "If access to public records of an agency or the purpose for which the records may be used is limited pursuant to K.S.A. 21-3914 or 45-221, and amendments thereto, the agency may require a person requesting the records or information therein to provide written certification that:
 "(1) The requester has a right of access to the records and the basis of that right; or
 "(2) the requester does not intend to, and will not; (A) Use any list of names or addresses contained in or derived from the records or information for the purpose of selling or offering for sale any property or service to any person listed or to any person who resides at any address listed; or (B) sell, give or otherwise make available to any person any list of names or addresses contained in or derived from the records or information for the purpose of allowing that person to sell or offer for sale any property or service to any person listed or to any person who resides at any address listed."
In Kansas Dept. of Social and Rehabilitation Services v. PublicEmployee Relations Board of the Kansas Dept. of Human Resources,249 Kan. 163 (1991), the Kansas supreme court held that even if the custodian (SRS) believed that the requestor (union) would use the records for a prohibited purpose, the custodian was required to disclose the records unless disclosure was specifically prohibited by law.
 "The trial court ordered the Union to execute a certification that it would not use the names for commercial purposes. This is consistent with K.S.A. 45-220(c) in that an agency may require a person or an entity requesting information under KORA to provide written certification that its reason for obtaining the names is not for commercial purposes.
 "SRS claims a certification is not adequate protection against the Union's possible misuse of home addresses to solicit the sales of ancillary services commonly provided by employee unions. We find no merit in this contention. Even if the Union uses the information for a commercial purpose, SRS would not be subject to the criminal penalty of K.S.A. 21-3914 because the disclosure was required by law."
Furthermore, K.S.A. 21-3914 was amended and the following provision was added in 1994:
 "(c) The provisions of this section shall not apply to nor impose any criminal liability or penalty upon any public official, public agency or records custodian for granting access to or providing copies of public records or information containing names and addresses, in good faith compliance with the Kansas open records act, to a person who has made a written request for access to such information and has executed a written certification pursuant to subsection (c)(2) of K.S.A. 45-220 and amendments thereto." K.S.A. 21-3914, as amended by 1994 session law, ch. 317, sec. 1.
A custodian who relies in good faith on the certification of a requestor is no longer subject to criminal liability for the misuse of public records by the requestor. The KORA clearly provides that unless a federal or state law prohibits disclosure or a record falls within one of the exceptions set out in K.S.A. 45-221, the record is open for inspection. Because a custodian acting in good faith can no longer be held criminally liable for the misuse of the records by the requester, there is no justification for withholding the record from public inspection simply based on suspicions that the requester may use the records obtained for prohibited purposes. The custodian is not authorized to withhold the records from disclosure based on the belief that the requester's written certification is untruthful. A county or district attorney may decide to pursue an investigation and prosecution of the requester, if appropriate under certain circumstances under K.S.A. 21-3914. Because of this legislative change and an analysis of case law, the conclusions reached in Attorney General Opinion No. 87-137 which are inconsistent with this opinion are hereby withdrawn.
We therefore conclude that a public official may not deny access to public records which are otherwise open to the public to a requestor who certifies that the information will not be used for a prohibited purpose, and the official is acting in good faith.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas