The Honorable Joann Flower State Representative, 47th District P.O. Box 97 Oskaloosa, Kansas 66066-0097
Dear Representative Flower:
You request our opinion regarding the extent of the property tax exemptions provided for in K.S.A. 79-201d and K.S.A. 1995 Supp. 79-201j. Your questions focus on two aspects of these statutes; whether K.S.A.79-201d Second limits the exemption granted thereunder to eight years and whether grain bins that have been bolted down with clamps become real property ineligible for the exemption provisions of K.S.A. 1995 Supp.79-201j.
K.S.A. 79-201d provides in relevant part:
 "The following described property, to the extent herein specified, shall be and is hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:
. . . .
 "Second. All farm storage and drying equipment meeting eligibility requirements, as provided in Title 7, Chapter XIV, Subchapter B, Part 1474 of the Code of Federal Regulations and as in effect on December 31, 1977, for loans under the federal farm storage and drying equipment program, whether financed or not, and all used farm storage and drying equipment meeting such eligibility requirements but for the fact that the same was not purchased from the commodity credit corporation, which equipment is used exclusively for oats, barley, grain sorghum, wheat, rye, soybeans, flaxseed, rice, dry edible beans or sunflower seed, for any eight of the 10 calendar years next following the calendar year in which such equipment is acquired or construction thereof is completed. The provisions of this subsection shall apply to equipment acquired or the construction of which is completed during the calendar year 1977, or any year thereafter."
The board of tax appeals has interpreted this provision to allow an exemption for up to eight years, after which the property is to be placed on the tax rolls. You question whether this interpretation is correct, or whether the phrase "for any eight of the 10 calendar years" instead modifies the use requirement such that the property must be used for the stated purposes for eight of 10 years following acquisition or construction to be eligible for exemption.
Initially we note that with regard to the interpretation of statutes by agencies such as the board of tax appeals, the Kansas Supreme Court has held:
 "The interpretation of a statute by an administrative agency charged with the responsibility of enforcing a statute is entitled to judicial deference, called the doctrine of operative construction. See State Dept. Of SRS v. Public Employee Relations Board, 249 Kan. 163, 166, 815 P.2d 66 (1991). Deference to an agency's interpretation is particularly appropriate when the agency is one of special competence and experience. See Boatright v. Kansas Racing Comm'n, 251 Kan. 240, 246, 834 P.2d 368 (1992). However, although an appellate court gives some deference to the agency's interpretation of a statute, the final construction of a statute lies with the appellate court, and the agency's interpretation, while persuasive, is not binding on the court. Interpretation of a statute is a question of law over which an appellate court's review is unlimited. See Todd v. Kelly, 251 Kan. 512, 515, 837 P.2d 381 (1992)." In re Topeka SMSA Limited Partnership, et al., No. 74,860, slip op. at 14, (Kan. May 31, 1996).
Because the board of tax appeals is charged with determining whether an exemption should be granted under K.S.A. 79-201d Second, that agency's interpretation of the provision is entitled to deference. See K.S.A. 1995 Supp. 79-210; 79-213. We find the board's interpretation to be reasonable and supported by legislative intent. In 1982 the statute was amended to allow an exemption for any eight of the 10 calendar years next following the year in which the equipment was acquired or constructed, and to extend the exemption beyond the three years for which it was originally effective. Previously, the exemption was only for a period of eight years following acquisition or construction and only applied to equipment purchased or constructed during the years 1977, 1978 and 1979. L. 1982, ch. 390, § 1. Testimony before the legislative committees considering these amendments clearly states that the intent was to provide an exemption for up to eight years, rather than the eight of 10 years being a condition precedent requiring use for storage or drying for that amount of time to qualify for the exemption. Minutes, House Committee on Assessment and Taxation, Feb. 25, 1981 and March 2, 1981 (discussing 1981 house bill no. 2425); Minutes, Senate Committee on Assessment and Taxation, March 26, 1981. Were this provision to be read otherwise, the property would not even be eligible for exemption until after it had actually been used for eight to 10 years for the requisite purposes. It is therefore our opinion that the exemption available under K.S.A. 79-201d is limited to eight years.
Your second question involves the exemption granted in K.S.A. 1995 Supp. 79-201j which provides in part:
 "The following described property, to the extent specified by this section, shall be exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:
 "(a) All farm machinery and equipment. The term `farm machinery and equipment' means that personal property actually and regularly used exclusively in any farming or ranching operation. . . ."
The board of tax appeals has determined that the specific property in question does not qualify for this exemption because the board found that the property had been permanently affixed to the real estate thus making it real property rather than personal property. The term real property is defined in K.S.A. 79-102 as "not only the land itself, but all buildings, fixtures, improvements, mines, minerals, quarries, mineral springs and wells, rights and privileges appertaining thereto." Personal property is defined in the same statute as "every tangible thing which is the subject of ownership, not forming part or parcel of real property. . . ." See also Masson, Inc. v. County Assessor of Wyandotte County,222 Kan. 581, 583-585 (1977). Whether a particular piece of property is personal or real in nature is a question of fact and thus one that cannot be addressed by this office in an opinion. We note that, with regard to both K.S.A. 1996 Supp. 79-201j and K.S.A. 79-201d, tax exemptions are to be strictly construed against the person claiming exemption and the person seeking exemption must clearly show that the property is entitled to exemption. In re Tax Exemption Application of City of Wichita,255 Kan. 838, 842 (1992). All doubts concerning tax exemption are to be resolved against exemption and in favor of taxation. Farmers Co-op v.Kansas Bd. of Tax Appeals, 236 Kan. 632, 635 (1985).
In conclusion, the property tax exemption for farm storage and drying equipment under K.S.A. 79-201d is limited to a total of eight years. Once the property has been exempted for eight years, it is to be placed on the tax rolls. The exemption for farm machinery and equipment under K.S.A. 1995 Supp. 79-201j applies only to personal property actually and regularly used exclusively in any farming or ranching operation. Whether a particular piece of property is real or personal property is a question of fact to be determined by a trier of facts. This office never resolves factual questions in an opinion, but only adresses legal issues.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm