Dwight D. Radke Rice County Attorney Courthouse Lyons, Kansas 67554
Dear Mr. Radke:
On behalf of the rural water district no. 1 in Rice county, you request our opinion regarding whether a public official may deny access to public records under K.S.A. 21-3914(a) which prohibits selling, giving or receiving a list of names or addresses to be used for selling or offering to sell any property or service to those listed.
Specifically, you inquire about a situation where the requester requests a list of water district members who are not using water and plans to contact those persons listed and offer to purchase their water benefit unit. Your request informs us that the requester will attempt to actually purchase the resident's water benefit unit, for use on other real estate owned by the requester, in an attempt to improve the value of that real estate.
The Kansas open records act (KORA) declares the public policy of the state to be "that public records shall be open for inspection by any person" and the KORA is to be "liberally construed and applied to promote such policy." K.S.A. 45-216(a).
Therefore, a public record is to be open for inspection unless the record falls within one of the forty-one categories of records which are not required to be disclosed as enumerated in K.S.A. 45-221. This statute does not prohibit disclosure of records which fall within an exception, but leaves the decision of disclosure to the agency.
Before reaching the issue of whether the proposed use of the records constitutes a crime, we need to first review the status of the records under the KORA. As the record request is currently stated, K.S.A.45-221(26) would apply as an exception to the disclosure requirement. This exception reads as follows:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(26) Records of a utility or other public service pertaining to individually identifiable residential customers of the utility or service, except that information concerning billings for specific individual customers named by the requester shall be subject to disclosure as provided by this act."
Under the KORA, the Rice county rural water district no. 1 is not required to disclose the records pertaining to individually identifiable residential customers based on a blanket request for a list of those who are not using water. Again, whether to disclose or decline to disclose is a discretionary decision made by the agency and is not statutorily imposed.
We note, however, there is an exception to K.S.A. 45-221(26) which expressly requires the agency to disclose certain records. Disclosure is required if the requester specifically requests "information concerning billings for specific individual customers." (Emphasis added). "Individual customers" may be liberally construed as identified by customer name, address, or any other identifiable means. Therefore, if the requester requests billing information for specific customers listed by address, such information is to be disclosed as required by the KORA.
If the water district desires to exercise its discretion to disclose the records, the next step is to determine whether the proposed use is permitted. K.S.A. 21-3914(a) provides, "[n]o person shall knowingly sell, give or receive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records. . . ." (Emphasis added). Violation of this statute is a class C misdemeanor. Furthermore, K.S.A. 45-220(c) allows the agency to require the requester to provide written certification that:
 "(2) the requester does not intend to, and will not: (A) Use any list of names or addresses contained in or derived from the records or information for the purpose of selling or offering for sale any property or service to any person listed or to any person who resided at any address listed; or (B) sell, give or otherwise make available to any person any list of names or addresses contained in or derived from the records or information for the purpose of allowing that person to sell or offer for sale any property or service to any person listed or to any person who resides at any address listed." (Emphasis added)
No prior reported appellate cases or attorney general opinions have considered the prohibitions of K.S.A. 21-3914 and K.S.A. 45-220(c) as they apply to solicitations to purchase property from persons whose names were derived from a public record. In State Dept. of SRS v. Public Employee Relations Board, 240 Kan. 163 (1991), the Court considered a request by a union for a list of employees within a bargaining unit at public agency.
The trial court had ordered disclosure of the lists, but required the union to execute a certification that it would not use the names for "commercial purposes." 249 Kan. at 170. The Court said, "[t]his is consistent with K.S.A. 45-220(c) in that an agency may require a person or an entity requesting information under KORA to provide written certification that its reason for obtaining the names is not for commercial purposes." 249 Kan. 170-71.
While the Court's use of the phrase "commercial purposes" could be taken as an indication that any commercial use — solicitations to buy or sell — is prohibited, this interpretation is not mandated from the facts of the case. The court was not considering use of the names to attempt to buy something. If fact, the court seems to have ultimately held that the KORA did not even apply to the situation, saying: "Neither PERB nor the Union are subject to the limitations of KORA when acting under the government sanctioned activities of PEERA [the public employer-employee relations act]." 249 Kan. at 170.
The phrase, "commercial use" is also found in several attorney general opinions which consider the prohibitions on use of lists of names under the KORA. The first such reference is in Attorney General Opinion No. 86-1 which considered, in part, a KORA request for lists of names of persons from a city water department by a "newsletter service" which would convey those names to its subscribers as sales prospects. The opinion concluded that K.S.A. 21-3914 prohibits use of such a list "for any commercial purpose." The opinion cites no authority for such broad language.
Other subsequent opinions used this language, but none of them considered the situation in which a request was made for the names to attempt solicit the purchase something from the people whose names were derived from the list. See Attorney General Opinions No. 86-39, 87-73, 89-47, 94-101, and 94-132.
Where the language of a statute is clear and unambiguous, effect is to be given the statute as written and there is no need to resort to statutory construction. State v. Sodders, 255 Kan. 79 (1994). Although prior opinions imply that the list of names or addresses are not to be used for any commercial purposes, both K.S.A. 21-3419 and 45-220 clearly state the requester is prohibited from "selling or offering for sale" property or services to those listed. The statute is silent as to prohibiting inquiries to purchase or buy any property or service from any person listed. Because the KORA states that it is the public policy of the state that public records shall be open unless otherwise provided, and that the act shall be liberally construed to promote such policy, and because K.S.A. 21-3419 is a penal statute which must be strictly construed, we conclude that it is not a violation of K.S.A. 21-3419 to solicit the purchase of property from persons whose names were derived from public records.
We also believe that such a conclusion is a matter of sound public policy; by allowing the requester to attempt to purchase property, assets which are under utilized may be acquired by someone who places a higher value on them and will presumably put them to a more productive use.
In summary, it is our opinion that the rural water district no. 1 in Rice county has two options regarding the request for a list of residents who are currently not using water in Rice county. First, the request, if stated as described in your letter, may be denied according to K.S.A.45-221(a)(26). Second, the records may be disclosed based on the agency's discretionary power established in 45-221(a). Also, if the request asks for billings for specific individual customers, disclosure is required to the extent set forth in K.S.A. 45-221(a)(26). It is not a violation of K.S.A. 21-3419 to solicit the purchase of water meters from persons whose names were derived from the water district records.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm