Harold Walker, City Attorney Ninth Floor — Municipal Office Building 701 North Seventh Street Kansas City, Kansas 66101
Dear Mr. Walker:
On behalf of the City of Kansas City, Kansas, you request our opinion regarding whether a public entity may deny a request to disclose the names and addresses of public employees. Specifically, you inquire about a situation where the requestor is seeking the names and addresses of the public employees of the Board of Public Utilities and the City of Kansas City, Kansas. [We note, for purposes of SRS v. PERB, infra, that the requestor is not a union.] The Kansas Open Records Act (KORA) declares the public policy of the state to be that "public records shall be open for inspection by any person" and the KORA is to be "liberally construed and applied to promote such policy." K.S.A. 45-216(a). The effect of this statute is that all public records are open unless otherwise permissibly or mandatorily closed by law. K.S.A. 1996 Supp. 45-221(a) lists various categories of records which a public agency may discretionarily close. The provisions applicable to your question are K.S.A. 1996 Supp. 45-221(a)(4) and (a)(30), which state:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(4) Personnel records, performance ratings or individually identifiable records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such.
. . . .
 "(30) Public records containing information of a personal nature where public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy."
Two prior Attorney General Opinions considered whether public employees' home addresses are mandatorily open. Attorney General Opinion No. 89-106 concluded that home addresses are mandatorily open, but Attorney General Opinion No. 90-136 suggests that they may be closed if maintained only as a personnel record. These prior opinions have been criticized as unfairly requiring public employees to disclose their home addresses, when private employees are not under the same obligation. Disclosure of a home address can present real safety problems for public employees, making them unable to avoid stalkers or abusive spouses. We note that there has been a recent trend to allow closure of more home addresses that are contained in public records, such as the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721, et. seq.
In concluding that home addresses of public employees are subject to mandatory disclosure, Attorney General Robert T. Stephan, in Opinion No. 89-106, did not address the language of K.S.A. 45-221(a)(4), but rather relied on cases from other jurisdictions interpreting either the federal Freedom of Information Act (FOIA), 5 U.S.C.S. § 552, or other states' open records acts which contained exceptions similar to the FOIA. Based on that case law, the Attorney General reached the conclusion that public employees' home addresses are open because public employees do not have a privacy interest in their home addresses.
The FOIA exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C.S. § 552(b)(6). The federal cases cited in Attorney General Opinion 89-106 concluded that public employees' home addresses were subject to mandatory disclosure; one case calling the privacy interest "relatively minor." Attorney General Opinion No. 89-106 at 4 citing Getman v. N.L.R.B., 450 F.2d 670 (D.C. Cir. 1971); Kurzon v. Department of Health and Human Services, 649 F.2d 65, (1st Cir. 1981); Robles v. Environmental Protection Agency 484 F.2d 843
(4th Cir. 1973). Subsequent United States Supreme Court case law, however, finds the privacy interest in a home address to be much more important than stated by these lower courts.
In United States Department of Defense v. Federal Labor RelationsAuthority, 510 U.S. 487, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994), the Court analyzed a FOIA request by labor unions for home addresses of employees of federal agencies. The Court said in analyzing the FOIA exception for clearly unwarranted invasions of privacy, a balancing test must be employed weighing the public interest in disclosure against the interest Congress intended the exemption to protect. 510 U.S. at 495. The Court said the only relevant public interest to be weighed is whether disclosure would significantly contribute to public understanding of the government operations and activities, and not the purposes for which the specific information request was made. 510 U.S. at 495-96.
The Court found that public employees have a high degree of privacy interest in their home addresses, saying:
 "Many people simply do not want to be disturbed at home by work-related matters. Employees can lessen the chance of such unwanted contacts by not revealing their addresses to their exclusive representative. Even if the direct union/employee communication facilitated by the disclosure of home addresses were limited to mailings, this does not lessen the interest that individuals have in preventing at least some unsolicited, unwanted mail from reaching them at their homes. We are reluctant to disparage the privacy of the home, which is accorded special consideration in our Constitution, laws, and traditions. . . . Moreover, when we consider that other parties, such as commercial advertisers and solicitors, must have the same access under FOIA as the unions to the employee address lists sought in this case . . ., it is clear that the individual privacy interest that would be protected by nondisclosure is far from insignificant." 510 U.S. at 501 [citations omitted].
The Court held, under the facts, that the privacy interest substantially outweighed the public interest in disclosure, so the agencies' refusal to divulge the addresses was upheld. 510 U.S. at 502.
The state cases cited in Attorney General Opinion No. 89-106 also used a balancing of interests test. InWarden v. Bennet, 340 So.2d 977 (Fla.Ct.App. 1976), the court reached its decision to require disclosure of home addresses of public employees by balancing the public's right to know against the employees' right to be free from "clearly unwarranted invasions of privacy."See also, Wisher v. News-Press Publishing Co, 310 So.2d 345
(Fla. 1975). In State ex. Rel Public EmployeesRetirees, Inc., 397 N.E.2d 1191 (Ohio 1979), the court's decision to disclose home addresses of public employees was based on a balancing of the interests test using the state's privacy act, Ohio Rev. Code Ann. § 149.43. InWebb v. City of Shreveport, 371 So.2d 316 (La.Ct.App. 1979), the court based its decision to disclose home addresses of public employees on a finding of no privacy expectation in home addresses. In State Employees Ass'nv. Dept of Mgt. Budget, 404 N.W.2d 606 (Mich. 1987), the court based its decision to disclose home addresses of public employees on the Michigan Freedom of Information Act which contained an exception for "clearly unwarranted invasion of privacy." M.C.L.A. §15.243(1)(a).
We note that more recent cases that apply a balancing of the interests test to home addresses have tended to come out in favor of allowing closure of the addresses.See, e.g., Painting and Drywall Work Preservation Fund,Inc., v. Department of Housing and Urban Development,936 F.2d 1300 (D.C. Cir. 1991) (release of names and addresses of employees of public contractors would constitute a substantial invasion of privacy not outweighed by public interest); United States Departmentof Defense v. Federal Labor Relations Authority, supra;Zink v. Commonwealth, 902 S.W.2d 825 (Ky.App. 1995) (disclosure of home addresses of workers' compensation claimants would constitute a clearly unwarranted invasion of privacy); Kentucky Attorney General Opinion 93-ORD-118, (disclosure of public employees home addresses would constitute a clearly unwarranted invasion of privacy under Ky. Rev. Stat. Ann. §61.878); Tribune-Review Publishing Company v. AlleghenyCounty Housing Authority, 661 A.2d 677 (Pa. 1995) (payroll records of certain public employees were not subject to disclosure under the Pennsylvania Right to Know Act because they contained the employees' home addresses, home telephone numbers and social security numbers, release of which would jeopardize the personal security of the employees). But see Guard Publishingv. Land County Sch. D., 791 P.2d 854 (Or. 1989) (home addresses of certain public employees were open under the Oregon Public Records Law and not a clearly unwarranted invasion of privacy).
Additionally, there are now several cases in other jurisdictions with provisions similar to K.S.A. 45-221(a)(4) that have decided the question without resort to a discussion of privacy interests and balancing tests.
Rhode Island's Access to Public Records Act contains a provision exempting from the definition of a public record:
 "All records which are identifiable to an individual applicant for benefits, clients, patient, student or employee, including, but not limited to personnel . . . records . . . provided, however, with respect to employees, the name, gross salary, salary range, total cost of paid fringe benefits [and certain other specified data] shall be public." 1996 R. I. Pub. Laws 38-2-2(d)(1).
The Rhode Island Supreme Court did not use any sort of balancing test or privacy test to determine if information falling under this provision should be disclosed; in fact, the Court specifically rejected any such test. See, Providence Journal Co. v. Sundlun,616 A.2d 1131, 1136 (R.I. 1992). In Providence JournalCo. v. Kane, 577 A.2d 661, 663, 665 (R.I. 1990), under an earlier version of the statute which did not mandate disclosure of name, salary, etc., the court held closed information regarding place of birth, date of birth, date of marriage, employment history, and address.
In Pulitzer Pub. v. Missouri State Employees'Retirement System, 927 S.W.2d 477 (Mo.App. 1996), the court considered Missouri's statute which exempted from mandatory disclosure:
 "Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exception shall not apply to the names, positions, salaries and lengths of service of officers and employees . . . ." Mo. Ann. Stat. 610.021(13) (Vernon 1997 Supp).
The records request was for pension information about former governors. In determining what information was mandatorily open and what could be closed (home addresses and telephone numbers), the court did not use a balancing of the interests test. Instead, it recognized that the legislature in drafting a specific statute had already exercised its judgment as to what the public is entitled to know and what information could be closed to protect privacy interests.927 S.W.2d at 483.
Kansas appellate courts have not considered whether disclosure of public employees' home addresses is mandatory or discretionary under the KORA. In StateDept of SRS v. Public Employee Relations Board, 249 Kan. 163
(1991), the Kansas Supreme Court held that home addresses of public employees within a bargaining unit are subject to disclosure, but by virtue of Public Employer-Employee Relations Act. The Court specifically found "[n]either PERB nor the Union are subject to the limitations of KORA." 249 Kan. at 170. In Tew v.Topeka Police Fire Civ. Serv. Comm'n, 237 Kan. 96
(1985), the Court ordered disclosure of records of applicants for a public position, but the Court was applying the old Public Records Inspection Act, K.S.A.45-201, which was replaced by the KORA.
When the question of openness of employees' home addresses was again addressed by Attorney General Stephan in Attorney General Opinion No. 90-136, no specific conclusion was reached. Instead the opinion focused on whether the information was contained in a "personnel record." However, the language of the statute does not seem to limit it's application to records within the personnel file. K.S.A. 1996 Supp. 45-221(a)(4) lists three categories of records which may be exempt from the disclosure requirement: "personnel records, performance ratings or individually identifiable records," all of which must pertain to the public agency's employees or applicants for employment. Statutory construction of the use of "or" treats all three categories as separate and distinct from each other rather than regarding them as interchangeable definitions of one category of records. "In its elementary sense the word `or,' as used in a statute, is a disjunctive particle indicating that the various members of the sentence are to be taken separately." 73 Am.Jur.2d Statutes § 241. See also Black's Law Dictionary 1095 (6th ed. 1990) ("Or" defined as "a disjunctive particle used to express an alternative or to give a choice of one among two or more things"). In our opinion, the three categories of records are not to be regarded as interchangeable definitions but rather the performance ratings and individually identifiable records are to be treated as separate categories of records, and not necessarily the same as personnel records that are part of the personnel file.
The legislative history of K.S.A. 45-221(a)(4) supports the conclusion that the three types of records mentioned should be treated as separate. The first draft of KORA, introduced in 1981 to the Kansas House of Representatives by Representatives Whitaker and Louis as House Bill 2104 did not include a disjunctive "or," nor did the statute list individually identifiable records as an exempted category. The K.S.A. 45-221(a)(4) exemption was originally drafted as:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(4) Personnel records and performance ratings, except that this exemption shall not apply to the names, positions salaries and lengths of service of officers and employees of public agencies."
The original draft of the statute contained an "and" between personnel records and performance ratings. The 1981 bill was referred to the House Federal and State Affairs Committee but was never acted upon. When introduced a second time in 1983 and passed in 1984, the enacted KORA, which is the current K.S.A. 1996 Supp.45-221(a)(4), exempted "personnel records, performance ratings or individually identifiable records." These revisions demonstrate the legislature's intent to exempt the category of individually identifiable records from mandatory disclosure and, more importantly, for the three categories of records to be treated as separate and distinct from each other. We believe that the legislature intended to allow closure of personnel/employment records identifiable to an individual public employee no matter where the record is kept, except for names, positions, salaries and lengths of service.
In summary, we believe that in enacting K.S.A. 1996 Supp. 45-221(a)(4), the legislature intended to create three types of personnel or employment records which could be closed at the discretion of the agency. The only such information which must be disclosed is names, positions, salaries and lengths of service. Home addresses may be "individually identifiable records pertaining to employees" and therefore not subject to mandatory disclosure. Alternatively, a public employee's home address is "information of a personal nature," the public disclosure of which could constitute a clearly unwarranted invasion of personal privacy, thus allowing closure under K.S.A. 1996 Supp. 45-221(a)(30). Attorney General Opinions No. 89-106 and 90-136 are withdrawn to the extent they conflict with conclusions reached herein.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm