Dear Senator Emler:
You request our opinion on the Kansas Open Records Act (KORA)[1] as it applies to specific types of public records and ask the following question:
 "Does K.S.A. 2005 Supp. 45-221(a)(4) or (30) allow a public law enforcement agency to close public records that contain or would disclose a law enforcement officer's residential address, home phone number, family member information, or photograph of that public employee?"
The KORA applies to all public records.[2] It is the public policy of the State of Kansas that "public records shall be open for inspection by any person unless otherwise provided, and this act shall be liberally construed and applied to promote such policy."[3] Unless closed pursuant to specific legal authority, all public records are open for inspection.[4]
K.S.A. 2005 Supp. 45-221(a) lists the types of public records that are not required to be disclosed. A public agency possessing the listed types of records may exercise their discretion to close such records.[5] "The burden of proving an exemption from disclosure is on the agency not disclosing the information."[6]
K.S.A. 2005 Supp. 45-221(a)(4) and (30) provide:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
. . . .
 "(4) Personnel records, performance ratings or
individually identifiable records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such.
. . . .
 "(30) Public records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy."[7]
K.S.A. 2005 Supp. 45-221(a)(4) allows a public agency to close personnel records, performance ratings, or individually identifiable records pertaining to employees or applicants for employment in public agencies.[8] Under K.S.A. 2005 Supp.45-221(a)(4), the "names, positions, salaries and lengths of service" of public officers and employees must be made public.[9] However, other types of information relating to a specific public employee may be closed, including information that is part of an individually identifiable public record that pertains to the public employee or applicant as such. Whether the information in question fits that description is in part a factual issue and determining if the exception applies will require a review of all the facts. However, in our opinion it is likely that all of the types of information you describe would be contained in an individually identifiable public record that relates to a specific public employee and is maintained by the agency because that person is an employee. Thus, we believe that in most situations, K.S.A. 2005 Supp. 45-221(a)(4) will allow a public agency to close public records that contain or would disclose a law enforcement officer's residential address, home phone number, family member information, or photograph of that public employee.
Pursuant to K.S.A. 2005 Supp. 45-221(a)(30), a public agency is allowed to discretionarily close information in public records if the disclosure of that information could constitute a "clearly unwarranted invasion of personal privacy." K.S.A. 2005 Supp.45-217(b) defines "clearly unwarranted invasion of personal privacy" to mean "revealing information that would be highly offensive to a reasonable person including information that may pose a risk to a person or property and is not a legitimate concern to the public." This definition was added to the KORA in 2005 and was intended to provide guidance to those seeking to determine if this exception applies to a specific public record. However, in most situations, deciding if the information in question meets these terms will still require a case by case analysis of the facts of each situation.
In relying upon this exception, the public agency is essentially attempting to protect personal privacy rights of individual persons.[10] Kansas has recognized invasion of the right of privacy as a tort on which a cause of action may be based.[11] When there is a challenge to a public agency's decision to close a record under this authority, courts must determine whether release of the information would constitute a "clearly unwarranted invasion" of that individual person's privacy.[12]
Thus, in determining if reliance upon K.S.A. 2005 Supp.45-221(a)(30) is proper, one must first ascertain whether the individual in question, or their next of kin, asserts some claim to privacy. This necessarily involves a factual inquiry into the position taken by the individual(s) in question.
Once a privacy interest has been asserted by the affected individual, applying K.S.A. 2005 Supp. 45-221(a)(30) requires a careful balancing of the individual's right of privacy against the preservation of the basic purpose of the open record laws.[13] Courts often begin their review of such questions by determining if the type of information in question is the sort that is usually considered private.[14] If not, the information must be disclosed.[15] If the public agency demonstrates that a personal privacy interest is implicated, the court must then consider a second question: whether there is a legitimate public interest in disclosure of the requested information. Such a public interest may exist if release of the information would "shed any light on the conduct of any Government agency or official."[16] If release would shed no such light, the agency may withhold the information.[17]
If disclosure would shed light on governmental conduct, courts next try to balance the public interest in its release against the implicated privacy interest.[18]
In Attorney General Opinion No. 97-52, this office examined the issue of records containing the home addresses of public employees and concluded that such information may be closed pursuant to K.S.A. 45-221(a)(30). This opinion was based upon a United State's Supreme Court decision holding that public employees can have a legitimate privacy interest in such information.[19] The Court said, in analyzing the FOIA exception for "clearly unwarranted invasions of privacy," a balancing test must be employed weighing the public interest in disclosure against the interest Congress intended the exemption to protect.[20] The Court said the only relevant public interest to be weighed is whether disclosure would significantly contribute to public understanding of the government operations and activities, and not the purposes for which the specific information request was made.[21]
In National Archives and Records Administration v. Favish etal.,[22] the Supreme Court held that pictures of the body of President Clinton's deceased aid, Vincent Foster, Jr., could be closed because their release could constitute a clearly unwarranted invasion into personal privacy, even though the reporter requesting the pictures under the Federal Freedom of Information Act (FOIA) was attempting to determine if investigators were correct when they concluded Mr. Foster had committed suicide. Again, the court focused upon the nature of the requested information and weighed the interest in privacy against the claim of public interest in such information.
The following specific private information has been exempted from public disclosure through federal judicial interpretation of "clearly unwarranted invasion" closure authority in the FOIA: personal histories and religious affiliations of employees;[23] citizenship status;[24] marital status;[25] social security numbers;[26] information about family life;[27] and information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption.[28] Kansas case law involving personal privacy establishes the rule that "one's right to privacy is invaded if another intentionally intrudes, physically or otherwise, upon one's solitude or seclusion and if the intrusion would be highly offensive to an ordinary person."[29] Thus, the Kansas Court of Appeals recently recognized a legitimate privacy interest (that could be protected by closing information contained in public records) in Social Security numbers, mothers' maiden names and dates of birth contained in public records held by a county register of deeds.[30] The same Kansas Court also determined that the medical records of a deceased individual, possessed by a public agency looking into the death, were entitled to protection because of personal privacy interests.[31] However, the Kansas Supreme Court has held that disclosure of names of physicians who have performed abortions at public expense and the amount of money paid by the State for such services did not infringe upon the patients' or physicians' constitutional rights of privacy because "the public's right to know how and for what purposes public funds are spent is a matter of legitimate public concern, far outweighing any personal privacy right of those providers to whom public funds are disbursed."[32] Thus, in determining if a right of privacy exists, the degree of privacy vested in the information in question must be weighed against the public interests served by public release of that information. This if often a factual issue.
Kansas appellate courts have not considered whether disclosure of public employees' home addresses is mandatory or discretionary under the KORA. In State Dept of SRS v. Public Employee RelationsBoard,[33] the Kansas Supreme Court held that home addresses of public employees within a bargaining unit are subject to disclosure, but by virtue of Public Employer-Employee Relations Act. The Court specifically found "[n]either PERB nor the Union are subject to the limitations of KORA."[34] InTew v. Topeka Police Fire Civ. Serv. Comm'n,[35] the Court ordered disclosure of records of applicants for a public position, but the Court was applying the old Public Records Inspection Act, K.S.A. 45-201, which was later replaced by the KORA. More recent cases from other states, wherein the court applies a balancing of the interests test to home addresses, have tended to come out in favor of allowing closure of the addresses using personal privacy as a basis.[36]
Disclosure of a home address or home phone number can present significant safety issues for public employees, rendering them unable to avoid stalkers, abusive spouses, or other dangers. Moreover, release of the home addresses or photographs of law enforcement officers may result in an inability to safely conduct undercover surveillance or jeopardize the performance of duties by an officer of the law. Family member information contained in a public employee's personnel record will often relate to matters of a personal nature, such as names, ages and health issues concerning the children or spouses of a public employee, and in which the general public would rarely if ever have a legitimate interest beyond mere curiosity. Release of information about a public employee's family could, we believe, detrimentally impact the ability of public agencies to find and retain competent employees.
We believe an individual public employee may be able to claim a legitimate privacy interest in their residential address, home phone number, family member information, or photographs of that public employee, thus allowing the public agency employer possessing records to close such information pursuant to K.S.A. 2005 Supp. 45-221(a)(30). Because law enforcement officers often have heightened concerns about privacy due to safety and work considerations, we believe that most of the time the information in question may be lawfully closed pursuant to K.S.A. 2005 Supp.45-221(a)(30). However, there may be specific situations wherein the privacy right in such information has been waived by a specific employee, or where the public interest in such information outweighs the privacy concerns.
In summary, it is our opinion that K.S.A. 2005 Supp.45-221(a)(4) and/or (30) would generally allow a public agency to close the residential address, home phone number, family member information, or photographs of a public law enforcement officer who is an employee of the agency, unless there is a showing that the employee in question has somehow consented to the release or waived a claim of privacy, or there is a showing that the general public interest served by releasing such information somehow outweighs the personal privacy rights of the individual.
Sincerely,
Phill Kline Attorney General
Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] K.S.A. 45-215 et seq.
[2] The term "public records" is defined by K.S.A. 45-217(f) as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency. . . ."
[3] K.S.A. 45-216(a). See also Cypress Media, Inc. v. City ofOverland Park, 268 Kan. 407, Syl. 3 (2000) and K.S.A.45-218(e).
[4] K.S.A. 45-218(a).
[5] Attorney General Opinion No. 89-107.
[6] State Dept. of SRS v. Public Employee Relations Board,249 Kan. 163, 170 (1991). See also Southwest Anesthesia Serv. v.Southwest Med. Ctr., 23 Kan.App.2d 950 (1997).
[7] Emphasis added.
[8] See Attorney General Opinions No. 99-55 and 91-127 (the exemptions in K.S.A. 45-221(a)(4) do not apply to nonemployees or to independent contractors; independent contractors are not "personnel," so records concerning them may not be closed under this exception).
[9] See Attorney General Opinions No. 88-61; 91-50 (salary deduction not open); 92-132 (pension plan part of salaries); 2000-8 (names of members appointed to states boards must be disclosed).
[10] An invasion of privacy action is primarily concerned with compensation for injured feelings or mental suffering of the injured party. Monroe v. Darr, 221 Kan. 281 (1977).
[11] Atchison, T. S.F. Ry. Co. V. Lopez, 216 Kan. 108
(1975) (one who gives publicity to matters concerning the private life of another, of a kind highly offensive to a reasonable man, is subject to liability to the other for invasion of his privacy).
[12] Department of State v. Washington Post Co.,456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982).
[13] See, e.g., Department of the Air Force v. Rose,425 U.S. 352, 372, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). See also Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private.
[14] See United States Department of Justice v. ReportersCommittee for Freedom of the Press, 489 U.S. 749, 762,109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).
[15] Id.
[16] Id. at 773.
[17] Id. at 780.
[18] See, e.g., Department of State v. Washington Post Co.,supra, note 12.
[19] United States Department of Defense v. Federal LaborRelations Authority, 510 U.S. 487, 114 S.Ct. 1006,127 L.Ed. 2d 325 (1994).
[20] 510 U.S. at 495.
[21] 510 U.S. at 495-96.
[22] 541 U.S. 157 (2004).
[23] Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979).
[24] United States Department of State v. Washington PostCo., 456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982).
[25] Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
[26] Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981).
[27] Providence Journal Co. v. F.B.I., 460 F. Supp. 778,reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979).
[28] Rural Housing Alliance v. Department of Agriculture,498 F.2d 73 (D.C. Cir. 1974).
[29] Smith v. Welch, 265 Kan. 868 (1998).
[30] Data Tree, L.L.C. v. Meeks, 109 P.3d 1226, ___ Kan.App.2d ____ (2005).
[31] Burroughs v. Thomas, 23 Kan.App.2d 769 (1997).
[32] State ex rel. Stephan v. Harder, 230 Kan. 573, 8 Media L. Rep. 1891 (1982).
[33] 249 Kan. 163 (1991).
[34] 249 Kan. at 170.
[35] 237 Kan. 96 (1985).
[36] See, e.g., Painting and Drywall Work Preservation Fund,Inc., v. Department of Housing and Urban Development,936 F.2d 1300 (D.C. Cir. 1991); Zink v. Commonwealth, 902 S.W.2d 825
(Ky.App. 1995); and Tribune-Review Publishing Company v.Allegheny County Housing Authority, 661 A.2d 677 (Pa. 1995).