Jan Satterfield Butler County Attorney
201 West Pine, Suite 101 El Dorado, Kansas 67042
Dear Ms. Satterfield:
As the County Attorney for Butler County, you inquire regarding the appropriate use of a record request form which includes a certification that names and addresses will not be used As proscribed in K.S.A. 2008 Supp. 45-230.
You advise that when a record requestor made a written request of the county appraiser for records containing assessed valuation of real property by parcel number, the appraiser asked the requestor to complete a form entitled "Request Form for Copies of Open Records." At the bottom of the same form was a section entitled "Certificate of Compliance with K.S.A. 21-3914 and K.S.A. 45-220(c)" which required the requestor to acknowledge that the requestor would not use any names or addresses contained in the record or derived from the record to sell property or services. The requestor refused to complete the county form and was not willing to sign the "Certificate of Compliance" because he maintained that the records requested did not contain individual names and addresses.
County Record Request Form
The form you have provided serves two purposes permitted by the Kansas Open Records Act (KORA).[1] The first is that a public agency, as defined in KORA, [2] "may require a written request for inspection of public records but shall not otherwise require a request to be made in any particular form."[3] The language of the statute is clear. There are two directives. The first is that the public agency may require a request to be made in writing. The second is that the agency may not deny access to records because an agency form was not used.
The intent of KORA is that records are open and the record custodian has a duty to assist the requestor since "[n]o request shall be returned, delayed or denied because of any technicality unless it is impossible to determine the records to which the requester desires access."[4] The reason for the written requirement is to assure clarity and a common understanding between the requestor and the agency about the records. However, the written request requirement cannot be used as a barrier to access. Once a request has been made in writing, the agency may not require the requestor to complete the agency's form.
Certification of Compliance
The second part of the county's form entitled "Certification of Compliance with K.S.A. 21-3914 and K.S.A. 45-220(c)" requires a record requestor to acknowledge that the requestor will not use names or addresses contained in the record or derived from the record to sell property or services.
This type of certification requires consideration of the effect of the repeal of K.S.A. 21-3914 which imposed a criminal penalty for using names and addresses from public records for commercial solicitation. A brief history of K.S.A. 21-3914 may help clarify the intent and appropriate method for resolving conflicts about the current form.
When KORA was enacted in 1984 the legislature restricted use of certain public records. A requestor could not use lists of names and addresses contained in or derived from public records "for the purpose of selling or offering for sale any property or service."[5] The broad language of the first portion of the statute made it clear that "[n]o person shall knowingly sell, give, or receive" such a list.[6] Attorney General Robert T. Stephan determined that the prohibition extended to the record custodian and, therefore, the custodian had a duty to deny access to the records if the custodian had a reasonable belief that the requestor would use the records to contact individuals to sell property or services.[7] Even though KORA allowed the record custodian to secure certification from a requestor that the records would not be used for the prohibited purposes, [8] there was uncertainty to what extent this certification protected the record custodian.[9]
In 1994, the Kansas County Clerks Association sought to make certain that a record custodian would not face criminal charges as long as the custodian exercised good faith compliance with KORA and the requestor signed the certification.[10] The legislature agreed to the additional language and it was added to the criminal statute.[11]
The criminal statute also set out limited circumstances in which solicitations of individuals could be legally made.[12] In 2003, when considering an additional exception to solicitations, the legislature removed the misdemeanor penalty and replaced it with a civil penalty of up to $500 per violation.[13] No formal hearings were held so there is No articulated legislative intent or reason given for the change.
Since its adoption in 1984, the restriction is focused on lists of names and addresses contained in or derived from public records.[14] If a requested record does not contain a list of names and addresses, or such a list cannot be derived from the records, the requestor need not complete a certification regarding the use of names and addresses.[15] In the situation you describe, the requestor was seeking real property assessed valuation by parcel number.[16] Therefore, unless these records contain a list of names and addresses or a list can be derived from the records, a records custodian cannot require a requestor to sign a certification regarding the use of names and addresses as a prerequisite to access.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 45-215 et seq.
[2] K.S.A. 2008 Supp. 45-217(f)(1).
[3] K.S.A. 2008 Supp. 45-220(b).
[4] Id.
[5] K.S.A. 21-3914(a) (repealed, L. 2003, ch. 126 ***sect; *** 5; July 1).
[6] Id.
[7] Attorney General Opinion No. 87-137. See also Attorney General Opinion Nos. 84-16; 84-106; 86-1; and 92-28.
[8] K.S.A. 2008 Supp. 45-220(c).
[9] But see, State Dept. of SRS v. Public Employee RelationsBoard, 249 Kan. 163, 171 (1991) (when district court required the requestor to complete and sign a certification, agency protected from criminal liability).
[10] Minutes, Senate Committee on Judiciary, February 24, 1994; Minutes, House Committee on Governmental Organization and Elections, March 15, 1994.
[11] L. 1994, ch. 317, ***sect; *** 1, adding (c) to K.S.A. 21-3914.
[12] K.S.A. 21-3914 (repealed, L. 2003, ch. 126, ***sect; *** 5; July 1) (names and addresses contained in motor vehicle records and professional/vocational licensing records). Voter lists were added in 1994. L. 1994, ch. 317, ***sect; *** 1.
[13] K.S.A. 2008 Supp. 45-230(b).
[14] K.S.A. 2008 Supp. 45-230(a).
[15] This opinion does not address situations where a custodian may require written certification regarding a requestor's right of access and the basis of such right where access may be limited pursuant to K.S.A. 2008 Supp. 45-221.
[16] See Attorney General Opinion No. 89-47 for a discussion of assessment records.