(913 P.2d 1211)

No. 72,632

No. 72,805

THE AMERICAN HOME LIFE INSURANCE COMPANY; WOODRIDGE BUILDING PARTNERSHIP, *et al.*; and RICHARD SHEETS, Individually, *et al.*, *Appellees/Cross-Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, KANSAS; PATSY A. MCDONALD, SHAWNEE COUNTY CLERK; and RITA CLINE, SHAWNEE COUNTY TREASURER, *Appellants/Cross-Appellees*.

Opinion filed August 25, 1995.

*Laura M. Graham* and *Susana L. Valdovinos*, assistant county counselors, and *Sandra L. Jacquot*, county counselor, for appellants/cross-appellees.

*John D. Ensley* and *Wayne T. Stratton*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, for appellee/cross-appellant American Home Life Insurance Company.

*David N. Holstead*, of Carpenter Professional Association, of Topeka, for appellees/cross-appellants Woodridge Building Partnership, *et al.*, and Richard Sheets, individually, *et al.*

*Rebecca A. Sanders* and *James M. Jesse*, for *amicus curiae* Kansas Board of Tax Appeals.

Before GERNON, P.J., LEWIS, J., and JAMES W. BOUSKA, District Judge, assigned.

GERNON, J.: This is an appeal in a mandamus action by several county offices from a ruling which granted summary judgment to multiple plaintiffs in a consolidated property tax dispute.

The county offices are: the Shawnee County Commissioners, the Shawnee County Clerk, and the Shawnee County Treasurer. These officials will be referred to as Shawnee County in this opinion.

The appellees/cross-appellants include American Home Life Insurance Company; Woodridge Building Partnership; and Richard Sheets, individually. The appellees/cross-appellants will be referred to here as the taxpayers.

The taxpayers also appeal a ruling which denied them attorney fees.

## Facts

The taxpayers paid real estate taxes under protest in accordance with K.S.A. 1993 Supp. 79-2005. All the protesters participated in formal hearings and were subsequently advised in writing of the results when the Shawnee County Appraiser (Appraiser) issued a

"Notification of Payment Under Protest Results" to each taxpayer with respect to each tax year in question. The notification results recommended a reduction for each parcel for every year involved.

The Appraiser forwarded the results to the Board of Tax Appeals (BOTA) as required by K.S.A. 1993 Supp. 79-2005(a). BOTA received these notices between November 24, 1992, and April 23, 1993.

On or about March 31, 1993, BOTA began sending form letters with attached lists of properties to the Appraiser concerning the taxpayers' protests of taxes. The letter stated in part:

"Attached please find a list of cases that have been reviewed and the BOTA has determined that there is insufficient justification to allow the proposed reduction in value at this time. Please notify the applicant/taxpayer of the Board's pending review of additional documentation being requested in support of the county's recommended value change(s).

"More information is requested in order for the BOTA to properly review these justifications. Please include information used by the county in determining the recommended value change for further review by the BOTA. Send these to the attention of Henry, in care of the BOTA."

The letter was signed "Board of Tax Appeals."

BOTA later sent another form letter to the Appraiser in June 1993, which stated in part: "This is a compiled list of all Shawnee County cases requiring additional documentation before being accepted or heard by the Board. They are comprised from lists sent in the previous months. This list does not include cases that are still under Board review or being arranged for hearing."

K.S.A. 1993 Supp. 79-2005(a) provides that once BOTA receives notification of a proposed reduction in value from the Appraiser, it has 45 days in which it may review the recommendation and schedule a hearing if it decides the property may not be valued according to Kansas law. If BOTA takes no action within 45 days, the results of the formal meeting with the Appraiser become final. As of June 25, 1993, none of the taxpayers' parcels had been scheduled for hearing.

All of the taxpayers, through their legal counsel, subsequently made demand upon the Shawnee County Clerk for a refund of the

portion of their taxes paid under protest. Shawnee County refused to issue the refunds.

On August 12, 1993, American Home Life Insurance Company, one of the affected taxpayers, filed a petition for mandamus, asking the district court to order Shawnee County to recompute its tax liability using the Appraiser's new valuation, to order the refund of the overpayment, and to order Shawnee County to correct the official records regarding the new valuation of its property.

Other taxpayers who are part of this appeal subsequently filed mandamus petitions. All suits were consolidated.

The trial court granted the taxpayers' motion for summary judgment, ruling that K.S.A. 1993 Supp. 79-2005 was intended to expedite appeals and that BOTA's action here was insufficient to prevent the Appraiser's reduction from becoming final after 45 days. Shawnee County appeals that ruling.

The taxpayers subsequently filed a motion for attorney fees and interest, which was denied. They appeal that ruling.

## K.S.A. 1993 Supp. 79-2005(a)

K.S.A. 1993 Supp. 79-2005(a) sets forth BOTA's right to review an appraiser's determination that a change in valuation is required. This statute provides in relevant part:

"When the grounds of such protest is that the valuation or assessment of the property upon which the taxes are levied is illegal or void, the county treasurer shall forward a copy of the written statement of protest to the county appraiser who shall within 15 days of the receipt thereof, schedule a formal meeting with the taxpayer or such taxpayer's agent or attorney with reference to the property in question. The county appraiser shall review the appraisal of the taxpayer's property with the taxpayer or such taxpayer's agent or attorney and may change the valuation of the taxpayer's property, if in the county appraiser's opinion a change in the valuation of the taxpayer's property is required to assure that the taxpayer's property is valued according to law, and shall, within 15 business days thereof, notify the taxpayer and the state board of tax appeals, in the event the valuation of the taxpayer's property is changed, in writing of the results of the formal meeting. *The state board of tax appeals may within 45 days after receipt of notification of such change review such change and schedule a hearing thereon upon a finding that the taxpayer's property may not be valued according to law. If the state board of tax appeals takes no action within such 45 day period, the results of the formal meeting shall be final.* (Emphasis added.)"

Apparently, the district court interpreted subsection (f) of the statute instead of subsection (a). Nevertheless, the language is the same, and the trial court's ruling is valid.

## Summary Judgment/Standard of Review

"Summary judgment is proper where the only question or questions presented are questions of law." *Fletcher v. Nelson*, 253 Kan. 389, 391, 855 P.2d 940 (1993). The present case was submitted to the district court on stipulated facts, leaving only the question of statutory interpretation of K.S.A. 1993 Supp. 79-2005(a) for resolution.

Interpretation of a statute is a question of law. *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986); see also *In re Tax Protest of Spangles, Inc.*, 17 Kan. App. 2d 335, 336, 835 P.2d 699, *rev. denied* 251 Kan. 938 (1992) (where facts are not disputed and decision turns on BOTA's interpretation of relevant statutes, appellate review is plenary).

## Statutory Interpretation

Several rules of statutory construction are applicable to the present case. First, the fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). Ordinary words are to be given their plain meaning, and courts are not justified in disregarding unambiguous meanings. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 245, 834 P.2d 368 (1992). Moreover, "[w]hen a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be." *State ex rel. Stephan v. Board of Seward County Comm'rs*, 254 Kan. 446, 448, 866 P.2d 1024 (1994). Statutes are to be construed to avoid unreasonable results. *Todd v. Kelly*, 251 Kan. at 515.

The Kansas Supreme Court has established the following principles in construing tax statutes:

" 'Tax laws are statutory and do not exist apart from the statute. As such, they must be strictly construed.' *In re Order of Board of Tax Appeals*, 236 Kan. 406, Syl. ¶ 5, 691 P.2d 394 (1984), *overruled on other grounds In re Application of U.S.D. No. 437 for Tax Relief*, 243 Kan. 555, 757 P.2d 314 (1988).

" 'Tax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. Where there is reasonable doubt as to the meaning of a taxing act, it will be construed most favorably to the taxpayer.' *Fleming Company v. McDonald*, 212 Kan. 11, Syl. ¶ 1, 509 P.2d 1162 (1973); *Equitable Life Assurance Society v. Hobbs*, 154 Kan. 1, Syl. ¶ 1, 114 P.2d 871 (1941)." *Executive Aircraft Consulting, Inc. v. City of Newton*, 252 Kan. 421, 425, 845 P.2d 57 (1993).

Any reasonable doubt concerning the meaning of K.S.A. 1993 Supp. 79-2005(a) must be construed in favor of the taxpayer, not Shawnee County.

At the same time, BOTA is the paramount lawfully constituted taxing authority in this state. *Wirt v. Esrey*, 233 Kan. 300, 314, 662 P.2d 1238 (1983). Its interpretation of the manner in which K.S.A. 1993 Supp. 79-2005(a) operates is entitled to some measure of deference by this court.

"The interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is entitled to judicial deference. This deference is sometimes called the doctrine of operative construction. Further, if there is a rational basis for the agency's interpretation, it should be upheld on judicial review. If, however, the reviewing court finds that the administrative body's interpretation is erroneous as a matter of law, the court should take corrective steps. The determination of an administrative body as to questions of law is not conclusive and, while persuasive, is not binding on the courts." *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. 163, 166, 815 P.2d 66 (1991).

BOTA's interpretation of the relevant language is as follows:

" 'K.S.A. 79-2005(f) does not require the Board to issue an order with findings of fact and conclusions of law when setting a justification review for hearing. Rather, K.S.A. 79-2005(f) specifically states that the Board must take some action within the 45 day period. Here, the Board sent a letter to the county indicating that it had submitted insufficient evidence to justify the reduction prior to the expiration of the 45 day period. By taking this action, the Board found the property may not be valued according to law. K.S.A. 79-2005(f) was intended to expedite the appeals

procedures and should not [be] construed so strictly as to demand detailed findings of fact as asserted by the taxpayer. Furthermore, the action taken by the Board pursuant to these expedited hearing procedures does not set the value of the subject property and therefore, should not require a formal order. If the Board finds, in its review of the evidence, that the property may not be valued according to law, the Board may place the case onto a hearing track and, in some instances, the Board will merely request additional information from the county in order to obtain approval from the Board and avoid a full blown evidentiary hearing. In summary, the Board did take action within 45 days, and did find that the property may not have been valued according to law.' *In re Protest of Winkler, Edward T. for Taxes Paid for 1992, Shawnee County, Kansas*, Docket No. 93-7141-PJR."

The ultimate issue here is: What is the level of administrative activity required under the statute before us, and the facts of this case, to allow BOTA to retain jurisdiction? Stated another way, was the request for documentation sufficient to "toll" the 45-day requirement?

The district court read the statutory language to mean that any matter under the statute must be set for hearing within 45 days or the Appraiser's proposed valuation becomes final.

In finding that the second sentence of 79-2005(a) must be read in conjunction with the prior sentence instructing BOTA as to what it *may* do upon receipt of notification of a change in valuation from the Appraiser, the district court's decision assumes that the phrase "[i]f the state board of tax appeals takes no action within such 45 day period" really means "[i]f the state board of tax appeals takes no *such* action within such 45 day period." A statute should not be read so as to add or subtract from that which is readily found therein. *State v. Pray*, 5 Kan. App. 2d 173, 174, 613 P.2d 400 (1980).

The first sentence of the provision in question reads: "The state board of tax appeals may within 45 days . . . schedule a hearing." K.S.A. 1993 Supp. 79-2005(a). We find that the first sentence is directory only and gives BOTA some discretion in deciding how to best proceed in each case. Therefore, K.S.A. 1993 Supp. 79-2005(a) cannot be read to mean that unless BOTA undertakes the optional three-step process within 45 days, all rights of review are extinguished.

This interpretation accepts the administrative reality we find here. To be sure, the BOTA letters are not the height of clarity and ought to recognize and enlarge upon the appeal process, in our view. However, even what was done here is some "action," and we must recognize it as such.

In addition, such a notice is a clear indication that BOTA has acted and recognizes the Appraiser's findings. Also, at some point in time, someone is going to be required to justify and document whatever findings are at issue, and the procedure as found here might lead to a resolution in favor of the taxpayer, avoid the hearing process altogether, and, therefore, save time and expense for all involved.

We conclude that the district court erred in granting the taxpayers' motion for summary judgment and petitions for mandamus and, therefore, reverse and remand to the district court for further proceedings consistent with our ruling.

## Attorney Fees

The taxpayers argue that the district court erred in denying their application for attorney fees because Shawnee County's actions in refusing to recognize the results of the formal meeting with the Appraiser, correct its records accordingly, and issue the refunds were unreasonable under all of the attendant factual circumstances. The taxpayers argue that the language of K.S.A. 1993 Supp. 79-2005(a) clearly and unambiguously provides that the refunds should have been ordered upon BOTA's failure to schedule a hearing within 45 days of receipt of the notification of a proposed reduction in value from the Appraiser.

K.S.A. 60-802(c) provides that "[i]f judgment be given for the plaintiff, he or she may also recover such damages as he or she may have sustained by reason of the failure of the defendant to perform the specified duty, together with costs." This provision allows the recovery of attorney fees in mandamus actions when the refusal of the public official to perform a duty imposed by law was unreasonable under the facts and circumstances of the case. *Halliburton Co. v. Board of Jackson County Comm'rs*, 12 Kan. App. 2d 704, 712, 755 P.2d 1344, *rev. denied* 243 Kan. 778 (1988).

Therefore, the underlying question is whether Shawnee County's refusal to issue the refunds in the present case was "reasonable under all of the confronting facts and circumstances." *Barten v. Turkey Creek Watershed Joint District No. 32,* 200 Kan. 489, 512, 438 P.2d 732 (1968).

The record reflects that after the taxpayers made demand upon Shawnee County for refund of the taxes they had paid under protest, Shawnee County responded by stating that BOTA had instructed it not to do so. Once the petitions for mandamus were filed, Shawnee County sought resolution of the matter on stipulated facts and without undue protraction of the litigation. No appellate court decision had ever interpreted what action BOTA must take within the 45-day time period set forth in K.S.A. 1993 Supp. 79-2005(a) in order to retain its right to review a proposed reduction in value made by the Appraiser.

We conclude that Shawnee County did not act unreasonably in declining to issue the refunds until the matter had been settled by the courts. See *Cities Serv. Oil Co. v. Board of County Comm'rs,* 224 Kan. 183, 189, 578 P.2d 718 (1978) (attorney fees denied in mandamus action in which taxpayer sought order directing county treasurer to refund taxes paid under protest, since it could not be said that action of defendants in limiting refund to that portion of protested taxes retained by county was unreasonable). Moreover, the present case involves a substantial amount of tax dollars.

The district court did not err in concluding that Shawnee County's failure to recognize the Appraiser's proposed reductions as final and issue the appropriate refunds was not unreasonable.

Affirmed in part, reversed in part, and remanded.