(65 P.3d 1063)
No. 88,756

ERIN E. BROWN (JONES), *Appellee,* v. FARMERS INSURANCE COMPANY, INC., and DEERBROOK INSURANCE COMPANY, *Appellants.*

420

Opinion filed April 4, 2003.

*Randolph G. Willis* and *Matthew S. Jensen,* of Rasmussen, Willis, Dickey & Moore, L.L.C., of Kansas City, Missouri, for appellants.

*Richard T. Merker,* of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellee.

Before BEIER, P.J., ELLIOTT and GREEN, JJ.

BEIER, J.: Defendant Farmers Insurance Company, Inc. (Farmers), appeals the district court's summary judgment in favor of plaintiff Erin E. Brown. We must decide whether Brown, who was injured in an accident involving an uninsured driver and who has received the maximum benefit allowed under the uninsured motorist provision of her mother's policy, may also recover underinsured motorist benefits under that policy or under another identical policy issued by the same insurer to her mother's live-in companion.

The material facts are not in dispute. Brown was a passenger in a car driven by Caleb Spivey, who was uninsured when the single-car accident occurred. Brown was insured under a policy issued by Farmers to Claire Jones, Brown's mother. Although the Jones policy is not in the record on appeal, the parties do not dispute that it was identical to a policy issued to John Sandburg, Jones' live-in companion. The Sandburg policy is included in the record on appeal. It provides uninsured motorist (UM) coverage of $100,000 per person and $300,000 per occurrence.

Brown sought and received UM benefits of $100,000 under the Jones policy plus personal injury protection (PIP) benefits that Far-

mers chose not to offset. Brown made a demand for an additional $100,000 in underinsured motorist (UIM) benefits under the same policy, and Farmers refused the demand.

Brown filed this lawsuit seeking: (1) $100,000 in UIM benefits from Farmers under the Jones policy; (2) an additional $100,000 in UIM benefits from Farmers under the Sandburg policy; and (3) UIM benefits and other compensation from defendant Deerbrook Insurance Company (Deerbrook) under a policy issued to Brown's natural father, with whom she had at some point temporarily resided.

After a hearing on the parties' cross-motions for summary judgment, the district court found K.S.A. 40-284(d) permitted Brown to collect both UM and UIM benefits under the Jones policy. The district court denied the parties' cross-motions pertaining to the Sandburg policy, finding genuine issues of material fact remained regarding whether Brown qualified for coverage. It granted summary judgment in favor of Deerbrook regarding Brown's natural father's policy.

Regarding its disposition of the first issue, the court's journal entry stated:

"The Court finds as a matter of law that K.S.A. 40-284(d) does not preclude [Brown] from collecting underinsured motorist benefits over and above the $100,000 maximum benefits already paid by [Farmers] under its uninsured motorist coverage because such collection does not constitute an impermissible 'stacking' of both uninsured and underinsured motorist benefits. Based upon the Court's interpretation of K.S.A. 40-284(d) and the uncontroverted facts, the Court finds that [Brown] is entitled to summary judgment on the issue of underinsured motorist benefits in Claire A. Jones' policy and that the motion of [Farmers] for summary judgment is denied."

The district court, pursuant to K.S.A. 60-2102(b), certified the following question for interlocutory appeal:

"Where an insured passenger has been injured by a vehicle driven by an uninsured driver and has recovered the maximum policy limits under her policy for uninsured coverage, does K.S.A. 40-284(d) prohibit that same insured from also recovering under the same policy, or a separate policy issued by the same insurer with identical language and limits of liability, for underinsured motorist coverage?"

We have unlimited review of this question of law, regardless of whether it requires interpretation of the statute or the insurance policy. See *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000) (interpretation of statute question of law; appellate court review unlimited); see also *Dougan v. Rossville Drainage Dist.*, 270 Kan. 468, 486, 15 P.3d 338 (2000) (legal effect of written instrument question of law over which appellate court exercises unlimited review).

In *Rich v. Farm Bur. Mut. Ins. Co.*, 250 Kan. 209, 824 P.2d 955 (1992), the Supreme Court explained the purpose of UM and UIM coverage in the following way:

"The purpose of the legislation mandating the offer of uninsured and underinsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation. This coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured or underinsured and not financially responsible, cannot be made to respond in damages. [Citation omitted.]

. . . .

"Uninsured and underinsured motorist coverage was developed by the Kansas Legislature as a means of protecting individuals from negligent uninsured or underinsured motorists. The purpose of K.S.A. 40-284 is to provide the individual who is covered by the standard automobile liability policy with a right against his or her own insurer equal to that the insured would have against the uninsured or underinsured tortfeasor. [Citation omitted.]" 250 Kan. at 215-16.

See also 9 Couch on Insurance 3d § 122:3 (1997) (UIM insurance guarantees insured recovery up to limit of UIM coverage purchased; if person responsible for victim's injuries insured for amount lower than victim's UIM limit, victim able to recover difference under UIM policy).

Pursuant to K.S.A. 40-284(a), an automobile liability insurance policy must include coverage for damages caused by uninsured motorists in an amount equal to the limits of liability coverage for bodily injury or death. K.S.A. 40-284(b), in turn, mandates the inclusion of a UIM provision. The coverage limits of the UIM provision must be equal to the limits of liability provided by the UM coverage to allow the insured to recover damages from the insurer "to the extent such coverage exceeds the limits of the bodily injury

coverage carried by the owner or operator of the other motor vehicle." K.S.A. 40-284(b).

K.S.A. 40-284(d) restricts coverage by disallowing "stacking":

"Coverage under the policy shall be limited to the extent that the total limits available cannot exceed the highest limits of any single applicable policy, regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid or vehicles involved in an accident."

An insurer's failure to include an anti-stacking provision in its policy does not mean that it has waived its right to claim the protection of the statutory prohibition. *Eidemiller v. State Farm Mut. Auto. Ins. Co.*, 261 Kan. 711, 721-24, 933 P.2d 748 (1997).

Here, the Jones policy included the following anti-stacking provision: "Subject to the law of the state of the occurrence, we will pay no more than these maximums regardless of the number of vehicles insured, insured persons, claims, claimants, policies, or vehicles involved in the occurrence." The policy further defined the limit of liability for each person as the maximum for bodily injury sustained by a person in any one occurrence.

The UM and UIM statutes are remedial in nature; hence they should be liberally construed to provide broad protection to the insured. *Cannon v. Farmers Ins. Co. Inc.*, 274 Kan. 166, Syl. ¶ 2, 50 P.3d 48 (2002). However, this court must remain mindful of the fundamental rule of statutory construction to which all other rules are subordinate: The intent of the legislature governs, provided that intent can be ascertained. The legislature is presumed to have expressed its intent through its language, and, when a statute is plain and unambiguous, an appellate court must give effect to the legislature's intent as expressed. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001).

Brown asserts that K.S.A. 40-284(d) did not prohibit her recovery of UIM benefits because she had not previously received UIM benefits; rather, she had received only UM benefits. According to her, the fact Spivey was *un*insured necessarily meant he also was *under*insured; his liability coverage of $0 was less than her liability coverage of $100,000.

Farmers maintains that K.S.A. 40-284(d) operated to preclude recovery of any amount beyond the $100,000 in UM benefits already received by Brown. In its view, the statutory provision confined recovery to the highest limit of any single applicable policy; because the policy provided a limit of $100,000 per person, Brown cannot recover any amount, whether UIM or otherwise, above the $100,000 in UM benefits already received.

The language used throughout K.S.A. 40-284 clearly describes two separate types of motorists: those who are uninsured and those who are underinsured. It simply defies logic and the expressed intent of the legislature to classify a motorist without any insurance as both uninsured and underinsured, and Farmers correctly observes that such an interpretation would render much, if not all, UM coverage superfluous. Statutes must be construed to avoid unreasonable results, and there is a presumption that the legislature does not intend to enact useless or meaningless legislation. *KPERS v. Reimer & Koger Assocs., Inc.,* 262 Kan. 635, 643, 941 P.2d 1321 (1997).

Brown calls our attention to the Supreme Court's decision in *Kilner v. State Farm Mut. Auto. Ins. Co.,* 252 Kan. 675, 847 P.2d 1292 (1993). It does not help her. *Kilner* involved the recovery of UIM benefits in addition to workers compensation benefits, a matter controlled by K.S.A. 40-284(e)(4).

Brown also relies on *Stafford v. State Farm Mut. Automobile Ins. Co.,* 27 Kan. App. 2d 224, 1 P.3d 924, *rev. denied* 269 Kan. 934 (2000). *Stafford* is distinguishable. It involved two tortfeasor drivers, both of whom were negligent. Each had a liability limit of $25,000, which the Stafford family received. The family then sought recovery from State Farm, its own insurance carrier, under a policy that provided UM/UIM limits of $50,000 per person. 27 Kan. App. 2d at 224-25. The sole issue was whether the Stafford family would be able to recover the difference between the $50,000 and the tortfeasors' identical $25,000 limit or two times that amount, after comparing each tortfeasor's limit separately to the limit of the family's policy. A divided panel of this court permitted both comparisons, allowing the family to recover the entire $50,000 UIM limit.

We are not faced with the *Stafford* situation here. K.S.A. 40-284(d) clearly and unambiguously restricts the total limit available under a policy to an amount equal to the highest limits of any single applicable policy "regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid or vehicles involved in an accident." Nothing in the wording of the Jones or Sandburg policy altered or undercut this provision. Because Brown has already recovered UM benefits in the amount of $100,000—the highest per person limit of any applicable policy—she is precluded from recovering any amount in UIM coverage either under the Jones policy or the Sandburg policy. See K.S.A. 40-284(d).

Reversed and remanded with directions to enter summary judgment for Farmers.