CLIFF HOOFMAN, Justice, dissenting. I must respectfully dissent from the majority’s decision to affirm this case. I agree with the Corns that complete exhaustion of all tortfeasors’ liability-insurance policies should no longer be required after the enactment of the Civil Justice Reform Act of 2008 (CJRA) (Ark.Code Ann. §§ 16-55-101 et. seq.), which abolished joint and several liability. Our holding in Birchfield v. Nationwide Ins., 817 Ark. 38, 875 S.W.2d 502 (1994), was consistent with the purpose behind the underin-sured motorist (UIM) statute under the law in effect at that time because under joint and several liability, the | ^policy limit of each and every tortfeasor’s liability-insurance policy was available to satisfy the damages claimed by the insured, regardless of each tortfeasor’s share of fault. However, under the CJRA, each defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant’s percentage of fault. Ark.Code Ann. § 16-55-201(b)(l) (Repl.2005). To require complete exhaustion of all policies in a multiple tortfeasor case in the absence of joint and several liability would, in many cases, completely eviscerate the UIM coverage established by statute. See Hill v. Am. Family Mut. Ins. Co., 150 Idaho 619, 249 P.3d 812 (2011) (noting that the claimant might not be able to fully exhaust one of the tortfea-sors’ policy limits if that tortfeasor was less liable relative to the other defendants); Colonial Penn. Ins. Co. v. Salti, 84 A.D.2d 350, 446 N.Y.S.2d 77 (N.Y.App.Div. 1982) (requiring the insured to exhaust all insurance applicable to all vehicles involved in an accident would emasculate the intended effect of UIM coverage). The inequity that arises with UIM coverage in such multiple-tortfeasor situations can be demonstrated by the following illustration: assume Tortfeasor A has a liability-insurance policy of $25,000 and is attributed 95% of the fault for the accident, while Tortfeasor B has a policy limit of $1 million and is attributed 5% of the fault. In this situation, Tortfeasor A is grossly underinsured, but Tortfeasor B is not un-derinsured at all. If the insured suffers damages from the accident in an amount less than $1 million, UIM coverage will never be triggered because it will be impossible to fully exhaust the policy limits of both tortfeasors, and the insured will not be adequately compensated for his or her damages. Prior to the abolition of joint and several liability, the result in such cases was not inequitable because the entire | iainsurance policy of Tortfeasor B was available to reimburse the insured. The majority recognizes the Corns’ argument that it is unreasonable to require complete exhaustion of all liability policies in a multiple-tortfeasor case, given the abolition of joint and several liability, but states that this is a matter of public policy for the General Assembly to address by revisiting the statutes involved. I disagree, as there is no need for the UIM statute to be revised in order to reach the conclusion argued by the Corns. Arkansas Code Annotated section § 23-89-209(a)(3) (Repl.2004) states that [t]he coverage shall enable the insured or the insured’s legal representative to recover from the insurer the amount of damages for bodily injuries to or death of an insured which the insured is legally entitled to recover from the owner or operator of another motor vehicle whenever the liability insurance limits of the other owner or operator are less than the amount of the damages incurred by the insured. (Emphasis added.) The insurance policy at issue in this case also states under the section on UIM coverage that “[w]e will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the injured person.” (Emphasis added.) Under the CJRA, the insured is now legally entitled to recover only the damages attributable to each tort-feasor based on his or her share of apportioned fault. Thus, in multiple-tortfeasor cases such as this one, each tortfeasor’s liability-coverage limit must be compared separately to the injured person’s UIM coverage in order to determine whether UIM benefits are owed, and this is consistent with the language in the UIM statute. See Stafford v. State Farm Mut. Auto. Ins. Co., 27 Kan.App.2d 224, 1 P.3d 924 (2000). For the reasons stated above, I agree with the Corns that Birchfield is not controlling 114of this case, given the abolition of joint and several liability, and I would therefore reverse the circuit court’s grant of summary judgment to Farmers.